FILED

2023 Apr-03  PM 01:50
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| VALESHIA SHANE LONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 5:23-CV-00251-CLS |
| | ) | |
| SHELLY SLATE WATERS, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This action is before the court on the motion of defendant Shelly Slate Waters to extend the time to respond to plaintiff's complaint until April 27, 2023 (doc. no. 5), and, the motion of plaintiff for appointment of an attorney (doc. no. 6).[1]  After reviewing both motions in conjunction with plaintiff's *pro se* complaint and its exhibits, the court cannot discern either a claim upon which relief might be granted or, more importantly, a basis for federal jurisdiction.

Valeshia Shane Long's complaint was handwritten on a form provided by the Clerk to assist *pro se* plaintiffs when commencing a civil action.[2]  That form requires the plaintiff to provide a short and plain statement of each claim, briefly stating the

---

[1] Plaintiff requested appointment of an attorney in not only this case, but also *Valeshia Long vs. Kell Sanders, et al.*, Civil Action No. 2:23-cv-256-NAD.  This opinion addresses only her request in the present action.

[2] See doc. no. 1 (Complaint for a Civil Case).

facts and how each defendant was involved.  Plaintiff completed that section of the form as follows:

> I have all case # and evidence inclosed [*sic*].

> Neglecting and abusing my children after CPS [Child Protective Services] stated I have one visit since 2021 when the case closed.  My son King Mason was bit in foster care while case still going.  Morgan County wronged me.  The CPS allowed my son to be bitten 3 times.  Never once told me or my lawyer Kim Ford about the situation.  They abused my children.

Doc. no. 1 (Complaint), at 5 (alteration supplied).  Plaintiff's concern for the well-being of her children is certainly understandable, but these statements, without more, do not support a claim upon which relief might be granted by this court.

Fundamentally, however, plaintiff has not established that this court possesses jurisdiction to consider her claims.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines *at any time* that it lacks subject-matter jurisdiction, the court *must* dismiss the action.") (emphasis supplied).

Federal district courts are tribunals of limited jurisdiction, and may only hear cases authorized by the Constitution or statute. *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 377 (1994) (citations omitted); *see also, e.g.*, *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (federal courts may "'hear only those cases within the judicial power of the

2

United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress") (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)).  Accordingly, an "Article III court must be sure of its own jurisdiction before getting to the merits" of any action.  *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 831 (1999) (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 88-89 (1998)).

To invoke the subject-matter jurisdiction of this court, a complaint must either allege the presence of a federal question under 28 U.S.C. § 1331,[3] or demonstrate that the citizenship of the plaintiff is different from the citizenship of every defendant, and, the amount in controversy exceeds $75,000 (*i.e.*, "diversity of citizenship jurisdiction" under 28 U.S.C. § 1332).[4]  "[T]he burden to establish the existence of federal subject matter jurisdiction rests with the party bringing the claim."  *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005).

In that section of the form "Complaint for a Civil Case" supplied by the Clerk's office for the benefit of *pro se* litigants entitled "Basis for Jurisdiction," plaintiff marked the boxes for "Constitutional or Federal Question" and "Diversity of

---

[3] "The district courts shall have jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

[4] *See, e.g.*, *Palmer v. Hospital Authority of Randolph County*, 22 F.3d 1559, 1564 (11th Cir. 1994) (citing *Strawbridge v. Curtiss*, 3 Cranch (7 U.S.) 267, 2 L. Ed. 435 (1806)).

Citizenship."[5]

Subsection II.B. of the form required plaintiff to "[l]ist the *specific federal statutes*, federal treaties, *and/or provisions of the United States Constitution* that are at issue in this case."[6]   Rather than doing so, plaintiff stated only:   "falsified documents to open the case, attempted to court [*sic*], perjury, slenderment [*sic*] of name, and separation of family."[7]

In subsection II.C. of the form, requiring plaintiff to identify the citizenship of the parties, plaintiff indicated that she is a citizen of Alabama, and that defendants Lisa Nance and Shelly Slate Waters also are citizens of the same State.[8]  Plaintiff did not identify the citizenship of any of the other defendants, but information contained elsewhere in the complaint confirms that all defendants are, like plaintiff, citizens of the State of Alabama.[9]

In light of the foregoing, the court finds that plaintiff has not established that any claim she may have implicates a constitutional or federal question, or that her citizenship is different from the citizenship of every defendant.

---

[5] Doc. No. 1 (Complaint), at 3 (emphasis supplied).

[6] *Id.* (emphasis supplied).

[7] *Id.* (alterations supplied).

[8] *Id.* at 4.   Plaintiff included defendant Waters's information in the section designated for corporate defendants.  In that section, she also refers to "Chris Priest, Morgan County."  Chris Priest is the Morgan County Circuit Clerk, but is not a party to the action.  *Id.*

[9] *Id*. at 2-3.

As an additional matter, defendant Waters is an active district judge in the Eighth Judicial Circuit Court of Alabama, and defendant Charles B. Langham is a retired judge of that same court.[10]  Judges "are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'"  *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)).  Plaintiff's claims, as best this court is able to discern, implicate acts taken by Waters and Langham in their judicial capacities and, accordingly, they are entitled to absolute immunity.

An Order consistent with this opinion will be entered contemporaneously herewith.

**DONE** this 3rd day of April, 2023.

_____
Senior United States District Judge

---

[10] The Clerk's records do not indicate that, as of the date of this memorandum opinion, defendant Langham has been served with a copy of plaintiff's *pro se* complaint.

5